UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-P13-M

STEVEN K. LANE                                                                                       PETITIONER

v.

GREGORY STUMBO                                                                                   RESPONDENT

## MEMORANDUM OPINION AND ORDER

The petitioner, Steve K. Lane, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. He also filed an application to proceed without prepayment of filing fees (DN 3). Because he meets the requirement for *pauper* status under 28 U.S.C. § 1915(a), his application is **GRANTED**.

The matter is currently before the court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the court will direct the petitioner to show cause why his petition should not be denied and his action dismissed as untimely.

I.

On February 25, 2000, following trial by jury, the Daviess Circuit Court convicted the petitioner of murder for which he received a 25-year term of imprisonment. The Supreme Court of Kentucky affirmed his conviction on August 22, 2002.[1] *Lane v. Commonwealth*, Case No. 2002-SC-216-MR (Ky. Aug. 22, 2002). The petitioner did not seek further review of his conviction and sentence by the United States Supreme Court.

---

[1] The petitioner indicates that the Supreme Court of Kentucky affirmed his conviction on *October* 22, 2002. However, a review of the docket reveals that it affirmed his conviction in August of that year. *See* at http://www.kycourts.net/Supreme/SC_Dockets.shtm

The petitioner claims that on August 21, 2003, he filed a motion to vacate his sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. The Daviess Circuit denied his motion, and the Kentucky Court of Appeals affirmed that decision. On February 9, 2005, the Supreme Court of Kentucky denied discretionary review. *Lane v. Commonwealth*, Case No. 2004-SC-900-DR (Ky. Feb. 9, 2005).[2] He initiated his federal habeas corpus action on January 12, 2006.

II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2]The petitioner indicates that the Supreme Court of Kentucky denied discretionary review on February 9, *2004*. However, a review of the docket reveals that it denied discretionary review in February of 2005. *See* at http://www.kycourts.net/Supreme/SC_Dockets.shtm

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's direct appeal of his conviction ended on August 22, 2002, when the Supreme Court of Kentucky affirmed his conviction and sentence. However, his conviction became final, for purposes of the AEDPA's statute-of-limitations period, on the date that the 90-day time period for seeking certiorari from the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F.2d 280, 283 (6th Cir. 2000). The petitioner's conviction, therefore, became final on November 20, 2002, when he failed to seek certiorari review from the U.S. Supreme Court. Thus, he had until November 20, 2003, to file his petition for writ of habeas corpus in this court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting § 2244(d)(2)) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'").

A review of the action reveals that the petitioner filed a time-tolling collateral attack of his state court conviction on August 21, 2003. At that point, 273 days of his one-year limitations period had run. Once the trial court denied the motion, he appealed that decision all the way to the Supreme Court of Kentucky, which denied discretionary review on February 9, 2005. The statute of limitations remained tolled "until the conclusion of the time for seeking Supreme Court

3

review of the state's final judgment on that application independent of whether the petitioner actually petition[ed] the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003). Once the petitioner is given the benefit of the extra ninety days during which he could have sought certiorari, the statute of limitations did not begin to run again until May 10, 2005, at which point he had 92 days within which to file his federal habeas corpus petition. Or in other words, the last day on which he could have timely filed his federal habeas corpus petition was August 10, 2005. He did not file his federal habeas petition, however, until January 12, 2006. It is, therefore, untimely. Accordingly,

**IT IS HEREBY ORDERED** that no later than **thirty (30) days** from the date of this order, the petitioner shall show cause why his petition should not be denied and his action dismissed as barred by the applicable statute of limitations.

Date:

cc:  Petitioner pro se
     4414.002