UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-P13-M

STEVEN K. LANE                                                                                           PETITIONER

v.

GREGORY STUMBO                                                                                      RESPONDENT

## MEMORANDUM OPINION

The petitioner, Steve K. Lane, filed this *pro se* civil action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. By prior order, this court directed him to show cause why his petition should not be denied and his action dismissed as untimely (DN 4). The petitioner timely complied,[1] and the matter is before this court for preliminary consideration. *See* 28 U.S.C. foll. § 2254, R. 4. Because the petition is untimely, and because this court finds no basis to toll the limitations period, the court will deny the petition and dismiss the action.

### I. BACKGROUND

On February 25, 2000, following trial by jury, the Daviess Circuit Court convicted the petitioner of murder for which he received a 25-year term of imprisonment. The Supreme Court of Kentucky affirmed his conviction on August 22, 2002.[2] *Lane v. Commonwealth*, Case No. 2002-SC-216-MR (Ky. Aug. 22, 2002). The petitioner did not seek further review of his conviction and sentence by the United States Supreme Court.

---

[1] Though the petitioner's response is directed to the warden of his institution and not the court proper, the document addresses what he believes to be the reason for the late filing of his habeas application. The court will therefore construe his letter to the warden as the necessary response to the court's prior show cause order.

[2] The petitioner indicates that the Supreme Court of Kentucky affirmed his conviction on *October* 22, 2002. However, a review of the docket reveals that it affirmed his conviction in August of that year. *See* at http://www.kycourts.net/Supreme/SC_Dockets.shtm

The petitioner claims that on August 21, 2003, he filed a motion to vacate his sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. The Daviess Circuit Court denied his motion, and the Kentucky Court of Appeals affirmed that decision. On February 9, 2005, the Supreme Court of Kentucky denied discretionary review. *Lane v. Commonwealth*, Case No. 2004-SC-900-DR (Ky. Feb. 9, 2005).[3] He initiated his federal habeas corpus action on January 12, 2006.[4]

## II. ANALYSIS

### A. Timeliness

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[3] The petitioner indicates that the Supreme Court of Kentucky denied discretionary review on February 9, *2004*. However, a review of the docket reveals that it denied discretionary review in February of 2005. *See* at http://www.kycourts.net/Supreme/SC_Dockets.shtm

[4] Under the rule announced in *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), the filing date for a prisoner's document is the actual date on which the prisoner submits his papers to prison authorities for mailing. *See also* 28 U.S.C. foll. § 2254, R. 3. Here, the date on which the petitioner signed his petition and presumably submitted it to the institution for mailing was January 12, 2006.

2

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's direct appeal of his conviction ended on August 22, 2002, when the Supreme Court of Kentucky affirmed his conviction and sentence.  However, his conviction became final, for purposes of the AEDPA's statute-of-limitations period, on the date that the 90-day time period for seeking certiorari from the U.S. Supreme Court expired.  *Bronaugh v. Ohio*, 235 F.2d 280, 283 (6th Cir. 2000).  The petitioner's conviction therefore became final on November 20, 2002, when he failed to seek certiorari review from the U.S. Supreme Court.  Thus, he had until November 20, 2003, to file his petition for writ of habeas corpus in this court unless there was a time-tolling collateral attack pending in state court.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting § 2244(d)(2)) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'").

A review of the action reveals that the petitioner filed a time-tolling collateral attack of his state court conviction on August 21, 2003.  At that point, 273 days of his one-year limitations period had run.  Once the trial court denied the motion, he appealed that decision all the way to the Supreme Court of Kentucky, which denied discretionary review on February 9, 2005.  The statute of limitations remained tolled "until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petition[ed] the Supreme Court to review the case."  *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003).  Once the petitioner is given the benefit of the extra ninety days during which he could have sought certiorari, the statute of limitations did not begin to run again until May 10, 2005, at which point he had 92 days within which to file his federal habeas corpus petition.  Or in other words, the last day on which he could have timely filed his federal habeas corpus petition was August 10, 2005.  He did not file his federal habeas petition, however, until January 12, 2006.  The petition is therefore untimely.  Unless the petitioner can establish entitlement to equitable tolling, his petition will be dismissed.

### B.  Equitable Tolling

In the petitioner's response to the court's show cause order, he essentially claims that the court should allow his petition to proceed notwithstanding its untimeliness because he relied on an inmate legal aide's erroneous advice concerning the statute of limitations period.

Because § 2254's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v.*

4

*Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). Notwithstanding its availability, courts should "sparingly" apply the equitable tolling doctrine. *Dunlap*, 250 F.3d at 1009-10; *see also King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004) ("Equitable tolling is permissible under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) [28 U.S.C. § 2254], although rare.").

To determine the appropriateness of equitably tolling the statute of limitations in this case, this court must consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) his diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1010 (applying the five factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). This list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003) (citing *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)). Finally, the petitioner bears the burden of persuading the court that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Here, the petitioner does not claim that he had no knowledge of the one-year limitations period. In fact, in his response to the court's show cause order, he indicated that he originally thought he had only three months left in the one-year limitations period. When the institution's inmate legal aide advised him to the contrary, he relied on that advice to his detriment. The Sixth Circuit has clearly held that reliance on the incorrect advice of counsel is not grounds for equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003). Thus, it is logical to conclude that erroneous advice from an inmate legal aide would likewise fail to warrant

5

equitable relief. Because the petitioner has not set forth any reason to justify the equitable tolling of the one-year limitations period, his petition is untimely and will be dismissed.

## IV.  CERTIFICATE OF APPEALABILITY

In the event that the petitioner appeals this court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484.  In such a case, no appeal is warranted.  *Id.*  The court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

This court will enter an order that is consistent with this memorandum opinion.

Date:

cc: Petitioner *pro se*
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals
4414.002